## Cooley v. Cooley

*Brown, Swope & Mac Phail,* for plaintiff.

SHEELY, P. J., December 19, 1964. — In this case plaintiff requested at the hearing before the master that the divorce decree include an order awarding custody of her children to her. Section 55 of the Divorce Law, as amended on December 30, 1959, P. L. 2055, 23 PS §55, provides that where the court has jurisdiction over both parties as provided by section 15 of the act, the court shall include in its decree, or in separate decrees pertaining to each matter separately, an order or orders determining or disposing of property rights and interests between the parties, custody and visitation rights, child support and any related matters.

This amendment of 1959 added distinctively new features to divorce proceedings, undoubtedly for the purpose of enabling the parties to adjust in the one

divorce action all matters of difference between them arising out of the marital relation which theretofore would have required several different actions. The amendment, however, made no provision for the procedure by which the various questions should be raised.

It is a fundamental rule that any decree of court must be based upon the pleadings filed in the case and the testimony offered in support thereof. The Rules of Civil Procedure were amended on July 21, 1961, by adding to Pa. R.C.P. 1124, a new subdivision (e) which provides that a complaint in divorce "which includes one or more other matters, which may by Act of Assembly be joined with an action of divorce or annulment, shall as to each other matter, be served in the manner required when a separate action is brought upon such matter, before the court may proceed to determine such matter in the action for divorce or annulment." See Goodrich-Amram, § 1121-1.

This rule clearly contemplates that such additional matter to be determined in the divorce action shall be pleaded as an addition to the complaint in divorce, preferably as a second cause of action. Thus, defendant will be fully advised as to the matters to be determined in the action and will have an opportunity to answer and defend all such matters as he or she may see fit. As a general rule questions of child custody, property rights, etc., should be determined by the court in the first instance and should not be referred to a master except by special order of court.

In the present case plaintiff, in her complaint, alleged grounds for divorce and prayed that a decree in divorce be entered. There were no allegations relating to custody of the children and no prayer for such an order. All that defendant was advised of by the papers served upon him was that his wife was seeking a decree in divorce. Under these circumstances no order can now be made determining custody of the children.